# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| FOTOMEDIA TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FUJIFILM U.S.A., INC., | § | Civil Action No. 2:08-cv-203 |
| NU SKIN ENTERPRISES, INC., | § | |
| NU SKIN INTERNATIONAL, INC., | § | |
| FLEKTOR, INC., | § | **JURY TRIAL DEMANDED** |
| NAMEMEDIA, INC., | § | |
| TICKLE, INC., | § | |
| SLIDE, INC., | § | |
| SMUGMUG, INC., | § | |
| NOKIA CORP., | § | |
| NOKIA, INC., | § | |
| MYPUBLISHER, INC., | § | |
| FOTOTIME, INC., | § | |
| SMILEBOX, INC., | § | |
| MULTIPLY, INC., | § | |
| FOTOFLIX, INC., | § | |
| SCRAPBLOG, INC., | § | |
| EZ PRINTS, INC., | § | |
| RIYA, INC., | § | |
| RANGEELA PHOTOS, LLC, | § | |
| PICATEERS, INC., | § | |
| AMIGLIA, INC., | § | |
| REGARDS.COM, LTD., | § | |
| FOTOLOG, INC., | § | |
| and | § | |
| HI-MEDIA S.A., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FotoMedia Technologies, LLC ("FotoMedia") by and through its undersigned

counsel, files this Original Complaint against FujiFilm U.S.A., Inc., Nu Skin Enterprises, Inc.,

Nu Skin International, Inc., Flektor, Inc., NameMedia, Inc., Tickle, Inc., Slide, Inc., SmugMug,

Inc., Nokia Corp., Nokia, Inc., MyPublisher, Inc., FotoTime, Inc., Smilebox, Inc., Multiply, Inc., FotoFlix, Inc., Scrapblog, Inc., EZ Prints, Inc., Riya, Inc., Rangeela Photos, LLC, Picateers, Inc., Amiglia, Inc., Regards.com, Ltd., Fotolog, Inc., and Hi-Media S.A. (collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff FotoMedia Technologies, LLC is a Delaware limited liability company having its principal place of business at 155 Fleet Street, Portsmouth, New Hampshire 03801.

2.      Upon information and belief, Defendant FujiFilm U.S.A., Inc. ("Fuji") is a corporation existing under the laws of New York, with a principal place of business located at 200 Summit Lake Drive, Valhalla, New York 10595.

3.      Upon information and belief, Defendant Nu Skin Enterprises, Inc. is a corporation existing under the laws of Delaware, with a principal place of business located at 75 West Center Street, Provo, Utah 84601.  Upon information and belief, Defendant Nu Skin International, Inc. is a corporation existing under the laws of Utah, with a principal place of business located at 75 West Center Street, Provo, Utah 84601.  Nu Skin Enterprises, Inc. and Nu Skin International, Inc. are collectively called the "Nu Skin Defendants."

4.      Upon information and belief, Defendant Flektor, Inc. ("Flektor") is a corporation existing under the laws of Delaware, with a principal place of business located at 2029 Century Park East, Suite 2400, Los Angeles, California 90067.

5.      Upon information and belief, Defendant NameMedia, Inc. ("NameMedia") is a corporation existing under the laws of Delaware, with a principal place of business located at 230 Third Avenue, First Floor, Waltham, Massachusetts 02451.

6.      Upon information and belief, Defendant Tickle, Inc. ("Tickle") is a corporation existing under the laws of Delaware, with a principal place of business located at 222 Sutter Street, 5th Floor, San Francisco, California 94108.

7.      Upon information and belief, Defendant Slide, Inc. ("Slide") is a corporation existing under the laws of Delaware, with a principal place of business located at 612 Howard Street, Suite 400, San Francisco, California 94105.

8.      Upon information and belief, Defendant SmugMug, Inc. ("SmugMug") is a corporation existing under the laws of Delaware, with a principal place of business located at 3347 Shady Spring Lane, Mountain View, California 94040.

9.      Upon information and belief, Defendant Nokia Corp. is a corporation existing under the laws of Finland, with a principal place of business located at Keilalahdentie 2-4, FI-02150 Espoo, Finland.  Upon information and belief, Defendant Nokia, Inc. is a corporation existing under the laws of Delaware, with a principal place of business located at 6000 Connection Drive, Irving, Texas 75039.  Nokia Corp. and Nokia, Inc. are collectively called the "Nokia Defendants."

10.     Upon information and belief, Defendant MyPublisher, Inc. ("MyPublisher") is a corporation existing under the laws of New York, with a principal place of business located at 400 Columbus Avenue, Valhalla, New York 10595.

11.     Upon information and belief, Defendant FotoTime, Inc. ("FotoTime") is a corporation existing under the laws of Texas, with a principal place of business located at 6711 Atlanta Drive, Colleyville, Texas 76034.

12.     Upon information and belief, Defendant Smilebox, Inc. ("Smilebox") is a corporation existing under the laws of Washington, with a principal place of business located at 8201 164th Avenue Northeast, Suite 305, Redmond, Washington 98052.

13.     Upon information and belief, Defendant Multiply, Inc. ("Multiply") is a corporation existing under the laws of Delaware, with a principal place of business located at 6001 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida 33487.

14.     Upon information and belief, Defendant FotoFlix, Inc. ("FotoFlix") is a corporation existing under the laws of Kentucky, with a principal place of business located at 520 Madison Avenue, Suite 200, Covington, Kentucky 41011.

15.     Upon information and belief, Defendant Scrapblog, Inc. ("Scrapblog") is a corporation existing under the laws of Delaware, with a principal place of business located at 2 Alhambra Plaza, Suite 700, Coral Gables, Florida 33134.

16.     Upon information and belief, Defendant EZ Prints, Inc. ("EZ Prints") is a corporation existing under the laws of Delaware, with a principal place of business located at 1890 Beaver Ridge Circle, Suite A, Norcross, Georgia 30071.

17.     Upon information and belief, Defendant Riya, Inc. ("Riya") is a corporation existing under the laws of California, with a principal place of business located at 3 Waters Park Drive, Suite 120, San Mateo, California 94403.

18.     Upon information and belief, Defendant Rangeela Photos, LLC ("Rangeela") is a limited liability company existing under the laws of Maryland, with a principal place of business located at 10 Caterham Court, Rosedale, Maryland 21237.

19.     Upon information and belief, Defendant Picateers, Inc. ("Picateers") is a corporation existing under the laws of Delaware, with a principal place of business located at 1720 South Amphlett Boulevard, Suite 320, San Mateo, California 94402.

20.     Upon information and belief, Defendant Amiglia, Inc. ("Amiglia") is a corporation existing under the laws of New York, with a principal place of business located at 400 Chambers Street, Apartment 18A, New York, New York 10282.

21.     Upon information and belief, Defendant Regards.com, Ltd. ("Regards") is a corporation existing under the laws of New York, with a principal place of business located at 150 East 69th Street, New York, New York 10021.

22.     Upon information and belief, Defendant Fotolog, Inc. is a corporation existing under the laws of Delaware, with a principal place of business located at 101 Fifth Avenue, #9R, New York, New York 10003.  Upon information and belief, Defendant Hi-Media S.A. is a limited liability company existing under the laws of France, with a principal place of business at 6, rue Saint Joseph, Paris 75002 France.  Fotolog, Inc. and Hi-Media S.A. are collectively called the "Fotolog Defendants."

## JURISDICTION AND VENUE

23.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, and 281-85.

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25.     This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly and/or

through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas.   Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

26.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## **BACKGROUND**

27.     On January 25, 2000, the USPTO duly and legally issued United States Patent No. 6,018,774 ("the '774 patent"), entitled "Method and System for Creating Messages Including Image Information."  FotoMedia holds all right, title, and interest in and to the '774 patent (a true and correct copy of which is attached hereto as Exhibit A).

28.     On April 1, 2003, the USPTO duly and legally issued United States Patent No. 6,542,936 B1 ("the '936 patent"), entitled "System for Creating Messages Including Image Information."  FotoMedia holds all right, title and interest in and to the '936 patent (a true and correct copy of which is attached hereto as Exhibit B).

29.     On March 22, 2005, the USPTO duly and legally issued United States Patent No. 6,871,231 B2 ("the '231 patent"), entitled "Role-Based Access to Image Metadata."  FotoMedia holds all right, title and interest in and to the '231 patent (a true and correct copy of which is attached hereto as Exhibit C).

30.     Defendant Fuji owns, operates, or otherwise controls photosharing web sites, including fujifilm.net.

31.     The Nu Skin Defendants own, operate, or otherwise control photosharing web sites, including photomax.com.

32.     Defendant Flektor owns, operates, or otherwise controls photosharing web sites, including flektor.com.

33.     Defendant NameMedia owns, operates, or otherwise controls photosharing web sites, including pixamo.com.

34.     Defendant Tickle owns, operates, or otherwise controls photosharing web sites, including ringo.com.

35.     Defendant Slide owns, operates, or otherwise controls photosharing web sites, including slide.com.

36.     Defendant SmugMug owns, operates, or otherwise controls photosharing web sites, including smugmug.com.

37.     The Nokia Defendants own, operate, or otherwise control photosharing web sites, including twango.com.

38.     Defendant MyPublisher owns, operates, or otherwise controls photosharing web sites, including mypublisher.com.

39.     Defendant FotoTime owns, operates, or otherwise controls photosharing web sites, including fototime.com.

40.     Defendant Smilebox owns, operates, or otherwise controls photosharing web sites, including smilebox.com.

41.     Defendant Multiply owns, operates, or otherwise controls photosharing web sites, including multiply.com.

42.    Defendant FotoFlix owns, operates, or otherwise controls photosharing web sites, including photagious.com.

43.    Defendant Scrapblog owns, operates, or otherwise controls photosharing web sites, including scrapblog.com.

44.    Defendant EZ Prints owns, operates, or otherwise controls photosharing web sites, including ezprints.com.

45.    Defendant Riya owns, operates, or otherwise controls photosharing web sites, including riya.com.

46.    Defendant Rangeela owns, operates, or otherwise controls photosharing web sites, including rangeelaphotos.com.

47.    Defendant Picateers owns, operates, or otherwise controls photosharing web sites, including picateers.com.

48.    Defendant Amiglia owns, operates, or otherwise controls photosharing web sites, including amiglia.com.

49.    Defendant Regards owns, operates, or otherwise controls photosharing web sites, including regards.com.

50.    The Fotolog Defendants own, operate, or otherwise control photosharing web sites, including fotolog.com.

51.    Upon information and belief, Defendants make, use, license, sell, offer for sale, or import in the State of Texas, in this judicial district, and elsewhere in the United States photosharing web site services that alone or in combination with personal computers infringe at least one of the '774, '936, and '231 patents, as well as related services.

## COUNT I: INFRINGEMENT OF THE '774 PATENT

52.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

53.     Upon information and belief, Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '774 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '774 patent, all to the injury of FotoMedia.

54.     FotoMedia has been damaged by Defendants' infringement of the '774 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '774 patent.

## COUNT II: INFRINGEMENT OF THE '936 PATENT

55.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

56.     Upon information and belief, Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '936 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as

well as related services covered by one or more claims of the '936 patent, all to the injury of FotoMedia.

57.    FotoMedia has been damaged by Defendants' infringement of the '936 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '936 patent.


## COUNT III: INFRINGEMENT OF THE '231 PATENT

58.    FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

59.    Upon information and belief, Flektor, NameMedia, Tickle, Slide, SmugMug, the Nokia Defendants, FotoTime, Smilebox, Multiply, FotoFlix, Scrapblog, Riya, and the Fotolog Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '231 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '231 patent, all to the injury of FotoMedia.

60.    FotoMedia has been damaged by infringement of the '231 patent by Flektor, NameMedia, Tickle, Slide, SmugMug, the Nokia Defendants, FotoTime, Smilebox, Multiply, FotoFlix, Scrapblog, Riya, and the Fotolog Defendants in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Flektor, NameMedia, Tickle, Slide, SmugMug, the Nokia Defendants, FotoTime, Smilebox, Multiply,

FotoFlix, Scrapblog, Riya, and the Fotolog Defendants are permanently enjoined from infringing the '231 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FotoMedia Technologies, LLC prays for the following relief against Defendants:

A.      A judgment in favor of FotoMedia that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '774 patent;

B.      A judgment in favor of FotoMedia that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '936 patent;

C.      A judgment in favor of FotoMedia that Flektor, NameMedia, Tickle, Slide, SmugMug, the Nokia Defendants, FotoTime, Smilebox, Multiply, FotoFlix, Scrapblog, Riya, and the Fotolog Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '231 patent;

D.      A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of one or more of FotoMedia's '774, '936, and '231 patents;

E.      A judgment and order requiring Defendants to pay FotoMedia damages for the infringement of one or more of FotoMedia's '774, '936, and '231 patents, together with

interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284; and

F.     Such other and further relief in law or in equity to which FotoMedia may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues triable of right before a jury.


Dated: May 12, 2008                              Respectfully submitted,

                                                 _____/s/ Sam Baxter_____
                                                 Sam Baxter, Lead Attorney
                                                 TX State Bar No. 01938000
                                                 E-mail: sbaxter@mckoolsmith.com
                                                 **MCKOOL SMITH, P.C.**
                                                 104 East Houston, Suite 300
                                                 Marshall, Texas 75670
                                                 Telephone: (903) 927-2111
                                                 Facsimile: (903) 927-2622

                                                 **OF COUNSEL**:
                                                 John F. Ward, Esq.
                                                 E-mail: wardj@wardolivo.com
                                                 John W. Olivo, Jr., Esq.
                                                 E-mail: olivoj@wardolivo.com
                                                 David M. Hill, Esq.
                                                 E-mail: hilld@wardolivo.com
                                                 **WARD & OLIVO**
                                                 380 Madison Avenue
                                                 New York, New York 10017
                                                 Telephone: (212) 697-6262
                                                 Facsimile: (212) 972-5866

Leslie D. Ware, Esq.
TX State Bar No. 00785179
E-mail: lware@thewarefirm.com
**THE WARE FIRM**
1701 North Market, Suite 330
Dallas, Texas  75202
Telephone: 214.744.5000
Facsimile: (214) 744-5013

**ATTORNEYS FOR PLAINTIFF
FOTOMEDIA TECHNOLOGIES, LLC**