**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **FUJIFILM U.S.A., INC., ET AL.** ) <br> ) <br>     **Defendants.** ) | **CIVIL ACTION NO. 2:08-CV-203-TJW** <br><br> **Jury Trial Demanded** |

**DEFENDANT NOKIA'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Nokia Corp. and Nokia, Inc. (collectively referred to as "Nokia") respectfully file their Answer to Plaintiff's Original Complaint for Patent Infringement (the "Complaint").

Except as expressly admitted hereinafter, Nokia denies each allegation contained in the Complaint. In response to the specific allegations of the Complaint, Nokia states as follows:

**PARTIES**

1.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies the same.

4.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies the same.

5.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies the same.

6. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

7. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same.

8. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9. Nokia Corp. admits that it is a corporation existing under the laws of Finland, with a principal place of business located at Keilalahdentie 2-4, FI-02150 Espoo, Finland. Nokia, Inc. admits that it is a corporation existing under the laws of Delaware, with a principal place of business located in Irving, Texas 75039. However Nokia, Inc.'s street address is now 6021 Connection Drive.

10. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the same.

16. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the same.

18. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the same.

19. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

20. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies the same.

21. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies the same.

22. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the same.

## JURISDICTION AND VENUE

23. The allegations contained in paragraph 23 are legal conclusions that do not require a response.

24. The allegations contained in paragraph 24 are legal conclusions that do not require a response.

25. The allegations contained in paragraph 25 are legal conclusions that do not require a response. Nokia denies having committed and/or induced any alleged act of patent infringement.

26. The allegations contained in paragraph 26 are legal conclusions that do not require a response.

## BACKGROUND

27. Nokia denies that U.S. Patent No. 6,018,744 (the "'774 Patent") was "duly and legally issued." Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and therefore denies the same.

28. Nokia denies that U.S. Patent No. 6,542,936 (the "'936 patent") was "duly and legally issued." Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and therefore denies the same.

29. Nokia denies that U.S. Patent No. 6,871,231 (the "'231 patent") was "duly and legally issued." Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies the same.

35. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies the same.

36. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the same.

37. Nokia admits that it owns, operates, or otherwise controls photosharing web sites, including twango.com.

38. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies the same.

39. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the same.

40. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the same.

43. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the same.

44. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies the same.

45. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies the same.

46. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies the same.

47. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies the same.

48. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies the same.

49. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies the same.

50. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies the same.

51. Nokia denies the allegations contained in paragraph 51 as they relate to Nokia. As the remaining allegations relate to other Defendants, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 and therefore denies the same.

## COUNT I: INFRINGEMENT OF THE '774 PATENT

52. Paragraph 52 incorporates paragraphs 1-51, and Nokia relies on its answers to paragraphs 1-51 in response to paragraph 52.

53. Nokia denies the allegations contained in paragraph 53.

54. Nokia denies the allegations contained in paragraph 54.

## COUNT II: INFRINGEMENT OF THE '936 PATENT

55. Paragraph 55 incorporates paragraphs 1-51, and Nokia relies on its answers to paragraphs 1-51 in response to paragraph 55.

56. Nokia denies the allegations contained in paragraph 56.

57. Nokia denies the allegations contained in paragraph 57.

## COUNT III: INFRINGEMENT OF THE '231 PATENT

58. Paragraph 58 incorporates paragraphs 1-51, and Nokia relies on its answers to paragraphs 1-51 in response to paragraph 58.

59. Nokia denies the allegations contained in paragraph 59.

60. Nokia denies the allegations contained in paragraph 60.

## PLAINTIFF'S PRAYER FOR RELIEF

As it relates to Nokia, Nokia denies that Plaintiff is entitled to the relief sought in the prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that they bear the burden of proof with respect to any of the following, Nokia alleges as follows:

### First Defense
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which any relief can be granted.

### Second Defense
### (Laches)

Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '774, '936, and '231 patents.

### Third Defense
### (No Infringement)

Nokia does not infringe any valid claim of the '774, '936, and '231 patents.

### Fourth Defense
### (Invalidity)

The claims of the '774, '936, and '231 patents are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Fifth Defense
### (Estoppel)

Plaintiff is estopped from construing any valid claim of the '774, '936, and '231 patents to cover or include, either literally or by application of the doctrine of equivalents, any service used, sold, or offered by Nokia because of admissions and statements to the United States Patent and Trademark Office in the specification of the '774, '936, and '231 patents and during prosecution of the application leading to the issuance of the '774, '936, and '231 patents.

### COUNTERCLAIM

Nokia alleges as follows:

### PARTIES

61. Nokia Corp., is a corporation existing under the laws of Finland, with a principal place of business located at Keilalahdentie 2-4, FI-02150 Espoo, Finland.

62. Nokia Inc. is a Delaware corporation having its principal place of business at 6021 Connection Drive, Irving, Texas.

63. Plaintiff FotoMedia Technologies, LLC is a Delaware limited liability company having its principal place of business at 155 Fleet Street, Portsmouth, New Hampshire 03801.

### JURISDICTION AND VENUE

64. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2202-2202, 1338, and 1331. A real, immediate, and justiciable controversy exists between FotoMedia and Nokia. The controversy relates to the invalidity and non-infringement of United States Patent Nos. '774, '936, and '231. FotoMedia has accused Nokia of infringing these patents.

65. FotoMedia is subject to personal jurisdiction and venue in the Eastern District of Texas by virtue of its contacts with the State of Texas and this District in particular. As the Plaintiff in this case, FotoMedia has consented to the jurisdiction and venue of this Court.

### DECLARATORY JUDGMENT

66. Nokia incorporates by reference each preceding allegation as though expressly stated herein.

67. The claims of the '774, '936, and '231 patents are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

68. Nokia's products do not infringe any valid claim of the '774, '936, and '231 patents.

69. Accordingly, Nokia seeks a declaratory judgment under 28 U.S.C. §§ 2201-2202 that their products do not infringe any valid claim of the '774, '936, and '231 patents.

### ATTORNEYS' FEES AND COSTS

70. Nokia incorporates by reference each preceding allegation as though expressly stated herein.

71.   Nokia is entitled to a declaration that this case is "exceptional" within the meaning of 25 U.S.C. § 285, entitling Nokia to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this case.

## JURY DEMAND

Nokia demands a trial by jury on all issues so triable.

## NOKIA'S PRAYER FOR RELIEF

WHEREFORE, Nokia respectfully requests the following relief:

A.   A judgment that United States Patent No. 6,018,774 is invalid;

B.   A judgment that United States Patent No. 6,542,936 is invalid;

C.   A judgment that United States Patent No. 6,871,231 is invalid;

D.   A judgment that United States Patent No. 6,018,774 is not infringed by Nokia;

E.   A judgment that United States Patent No. 6,542,936 is not infringed by Nokia;

F.   A judgment that United States Patent No. 6,871,231 is not infringed by Nokia;

G.   A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

H.   An award of Nokia's reasonable and necessary attorneys' fees, expenses, and costs incurred in this action;

I.   Dismissal with prejudice of and a take nothing judgment on Plaintiff's Complaint and Demand for Jury Trial; and

J.   All such other and further relief as the Court deems just and proper.

Dated:  August 22, 2008    Respectfully submitted,

/s/
Michael C. Smith (lead attorney)
State Bar No. 18650410
michaelsmith@siebman.com
SIEBMAN, REYNOLDS, BURG, PHILLIPS & SMITH LLP
713 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 938-8900
Telecopier:  (903) 767-4620

Sanford E. Warren, Jr.
State Bar No. 20888690
swarren@akingump.com
Todd E. Landis
State Bar No. 24030226
tlandis@akingump.com
T. William Kennedy, Jr.
State Bar No. 24055771
wkennedy@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

**ATTORNEYS FOR DEFENDANTS
NOKIA CORP. & NOKIA, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 22nd day of August, 2008.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

   /s/ Sanford E. Warren, Jr.
Sanford E. Warren, Jr.